IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



NORMAN L. AGNEW, §
 §
Plaintiff, §
 §
v. § 2:19-CV-45-Z
 §
NFN RICHARDSON, et al., §
 §
Defendants. §

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

*Pro se* Plaintiff NORMAN L. AGNEW ("Plaintiff") brings this civil action against employees of the Texas Department of Criminal Justice ("TDCJ") pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Clements Unit of the TDCJ in Amarillo, Texas. Plaintiff has filed an application to proceed *in forma pauperis*. (ECF No. 4). While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." Therefore, this action is dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

### PETITIONER'S ALLEGATIONS

In support of his Complaint, Plaintiff presents the following allegations:

1. Plaintiff claims that he is filing a lawsuit under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and he asserts that the provisions of the Prisoner Litigation Reform Act ("PLRA") do not apply to these claims.

2. Plaintiff complains of problems with the living conditions on his unit of incarceration, and problems with medication distribution for his thyroid condition.

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strikes" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if (1) on three or more prior occasions, (2) he filed civil actions or appeals in federal court (3) which were dismissed, either by a district court or appellate court, (4) as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failing to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id.*

Here, Plaintiff claims that his suit is brought pursuant to the ADA and RA and that the PLRA does not apply to his case. Plaintiff cites to a Ninth Circuit case to support his theory that the three-strikes provision should not apply to a suit under the ADA or RA. *See Armstrong v. Davis*, 318 F.3d 965, 973–74 (9th Cir. 2003).

But Plaintiff's argument is incorrect. *Armstrong* sets forth that *attorney's fees* in ADA and RA cases have their own provisions and are not impacted by the PLRA rules. *Id.* at 974. Moreover, the plain language of section 1915(g) is very clear: all civil lawsuits are subject to the PLRA three-strikes provision if prisoners have abused the *in forma pauperis* provisions of the PLRA to file frivolous or unwarranted lawsuits. Plaintiff additionally fails to present any argument that his claims actually fall under the ADA or RA. In fact, Plaintiff complains of general living conditions at his unit of incarceration and problems with the mail system for all inmates. He also makes

specific claims about receiving certain medication, but these claims still do not address the ADA or RA. But even if they did, Plaintiff remains subject to the three-strikes provision of the PLRA.

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the three-strikes provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822–23 (5th Cir. 1997). In applying the "three-strikes" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein. Consequently, Plaintiff is barred from proceeding *in forma pauperis* as he requests.

1. A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

    a. *Agnew v. City of Fort Worth*, No. 4:17-cv-941 (N.D. Tex.-Fort Worth) (dismissed on December 15, 2017 as frivolous – no appeal taken);

    b. *Agnew v. Social Security Administration*, No. 4:17-cv-940 (N.D. Tex.-Fort Worth) (dismissed on December 15, 2017 for failure to state a claim upon which relief can be granted – no appeal taken);

    c. *Agnew v. Mansfield Police Department*, No. 4:17-cv-855 (N.D. Tex.-Fort Worth) (dismissed on November 1, 2017 as frivolous – no appeal taken);

    d. *Agnew v. Graham*, No. 4:17-cv-2706 (S.D. Tex.-Houston) (dismissed as frivolous on September 28, 2017 – appeal dismissed); and

    e. Plaintiff has several other pending lawsuits in various district courts as well.

Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury at the time he filed this lawsuit. Plaintiff's claims regarding his living conditions and the failure to receive certain medications fail to meet this standard. When a claim is premised on the denial of adequate care, Plaintiff must present medical records or grievances with his Complaint to corroborate his allegations. *See Stone v. Jones*, 459 Fed. App'x 442 at *1 (5th Cir. 2012) (citing *Banos*, 144 F.3d at 884–85). If he does not, he has failed to demonstrate that he was under imminent danger of serious physical injury at the time he filed his lawsuit. *See id.* Plaintiff has not presented any medical records or grievances showing that he has filed grievances concerning the living conditions at his unit or the denial of his medication. Further, even if he had submitted these records or grievances, they would have to support his claims that he was under imminent danger of *serious* physical injury.

For the reasons above, Plaintiff's Complaint (ECF No. 3) is DISMISSED as barred by the three-strikes provision of 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment. Because this case is fully dismissed, Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 4), Motion for Appointment of Counsel (ECF No. 5), and two Motions for a Temporary Restraining Order (ECF Nos. 6 and 8) are MOOT.

**SO ORDERED.**

February 7, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE